⚡ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2021000972**
VAL
JUN 14, 2021 10:46 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DANA MEAD-GOINS, | |
| Plaintiff, | CIVIL FILE NO. _____ |
| v. | ACTION FOR DAMAGES |
| QUIKTRIP CORPORATION, JOHN DOE CORPORATION, AND JOHN DOE INDIVIDUAL | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff, Dana Mead-Goins (hereinafter "Plaintiff"), and hereby timely files her Complaint for Damages and Demand for Jury Trial against Defendants, QuikTrip Corporation (hereinafter "Defendant QuickTrip"), John Doe Corporation (hereinafter "Defendant John Doe Corporation"), and John Doe Individual (hereinafter "Defendant John Doe Individual") pursuant to applicable Georgia law, by showing this Honorable Court the following:

### PARTIES AND JURISDICTION

1.

Plaintiff resides at 2398 Huckins Court, Jacksonville, Florida 32225 and is subject to the jurisdiction and venue of this Honorable Court due to the fact that the underlying incident that caused her injuries occurred in the State of Georgia.

2.

Defendant QuickTrip, is a foreign corporation that is registered to do business in this State. Defendant has appointed CT Corporation System located at 289 South Culver Street,

Exhibit A

Lawrenceville, GA 30046, as its registered agent for service of process and Defendant can be served at this address.

3.

Defendant John Doe Corporation is a business engaged in the maintenance, management, ownership, and/or repair of convenience stores. The identity of John Doe corporation is unknown at this time but is readily ascertainable by Defendant QuickTrip. Plaintiff will substitute the legal name of John Doe Corporation once the identity is ascertained.

4.

Defendant John Doe Individual is an individual engaged in the maintenance, management, ownership, and/or repair of convenience stores. The identity of John Doe Individual is unknown at this time but is readily ascertainable by Defendant QuickTrip. Plaintiff will substitute the legal name of John Doe Individual once the identity is ascertained

5.

The Defendants are subject to the jurisdiction and venue of this Honorable Court.

## BACKGROUND

6.

Defendant owns and operates store #837 which is located at 4829 Bill Gardner Parkway, Locust Grove, Georgia 30248. The Defendant is liable pursuant to the doctrine of respondeat superior for the acts and omissions of its employees.

7.

On or about June 15, 2019, Plaintiff was an invitee of Defendant Quiktrip's store # 837 with her granddaughter.

8.

Plaintiff entered the store's restroom. Plaintiff and her granddaughter washed their hands at the sink. Suddenly and without warning, Plaintiff felt an excruciating pain in her foot which caused her to fall to the ground in agony. Plaintiff then realized that the cabinet from the sink had fallen onto Plaintiff's foot.

9.

Signage warning customers of a hazardous condition was not present and Plaintiff had no warning of potential danger.

10.

Plaintiff was at all times completely free from any negligence in any manner contributing to her severe injuries and damages alleged in this Complaint.

## COUNT I
## NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

At all relevant times, Plaintiff exercised ordinary care for her own safety.

13.

At all relevant times, Defendant QuickTrip owed a legal duty under O.C.G.A. § 51-3-1 of ordinary care to invitees to inspect and keep the premises and approaches in a safe condition.

14.

At all relevant times, Defendant QuickTrip negligently, carelessly and recklessly failed to inspect the premises, failed to maintain the area and failed to warn Plaintiff, who did not have

knowledge of the hazardous condition prior to the subject incident, and other invitees of the hazardous condition.

15.

At all relevant times, Defendant QuickTrip had actual or constructive knowledge of the hazardous condition and could have prevented Plaintiff's injuries.

16.

As a direct and proximate result of Defendant Quick Trip's negligent, careless and reckless acts and omissions, Plaintiff sustained severe and permanent injuries, including but not limited to injuries to her left foot, left ankle, and left leg which required medical treatment in an effort to alleviate her pain.

17.

As a result of Defendant QuickTrip's negligence, Plaintiff has incurred past medical expenses and may incur future medical expenses. Plaintiff is also entitled to recover for her physical and emotional pain and suffering, loss of strength and mobility, permanent disability, and adverse impact on the quality of her daily life and general damages.

18.

At all relevant times, Defendant John Doe Corporation owed a legal duty under O.C.G.A. § 51-3-1 of ordinary care to invitees to inspect and keep the premises and approaches in a safe condition.

19.

At all relevant times, Defendant John Doe Corporation negligently, carelessly and recklessly failed to inspect the premises, failed to maintain the area and failed to warn Plaintiff,

who did not have knowledge of the hazardous condition prior to the subject incident, and other invitees of the hazardous condition.

20.

At all relevant times, Defendant John Doe Corporation had actual or constructive knowledge of the hazardous condition and could have prevented Plaintiff's injuries.

21.

As a direct and proximate result of Defendant John Doe Corporation's negligent, careless and reckless acts and omissions, Plaintiff sustained severe and permanent injuries, including but not limited to injuries to her left foot, left ankle, and left leg which required medical treatment in an effort to alleviate her pain.

22.

As a result of Defendant John Doe Corporation's negligence, Plaintiff has incurred past medical expenses and may incur future medical expenses. Plaintiff is also entitled to recover for her physical and emotional pain and suffering, loss of strength and mobility, permanent disability, and adverse impact on the quality of her daily life and general damages.

23.

At all relevant times, Defendant John Doe Individual owed a legal duty under O.C.G.A. § 51-3-1 of ordinary care to invitees to inspect and keep the premises and approaches in a safe condition.

24.

At all relevant times, Defendant John Doe Individual negligently, carelessly and recklessly failed to inspect the premises, failed to maintain the area and failed to warn Plaintiff,

who did not have knowledge of the hazardous condition prior to the subject incident, and other invitees of the hazardous condition.

25.

At all relevant times, Defendant John Doe Individual had actual or constructive knowledge of the hazardous condition and could have prevented Plaintiff's injuries.

26.

As a direct and proximate result of Defendant John Doe Individual's negligent, careless and reckless acts and omissions, Plaintiff sustained severe and permanent injuries, including but not limited to injuries to her left foot, left ankle, and left leg which required medical treatment in an effort to alleviate her pain.

27.

As a result of Defendant John Doe Individual's negligence, Plaintiff has incurred past medical expenses and may incur future medical expenses. Plaintiff is also entitled to recover for her physical and emotional pain and suffering, loss of strength and mobility, permanent disability, and adverse impact on the quality of her daily life and general damages.

## COUNT II
## DAMAGES

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

As a direct and proximate result of Defendants' negligence Plaintiff sustained severe and debilitating injuries.

30.

As a direct result of Defendants' negligence, Plaintiff has suffered serious bodily injuries which have required past medical treatment and may require future medical treatment.

31.

As a direct result of the aforementioned act of negligence, Plaintiff has suffered emotional trauma and distress, daily pain and suffering, loss of strength, loss of mobility and dexterity, and loss of well-being and will continue to do so in the future.

32.

Plaintiff has incurred medical expenses resulting from the injuries she sustained in the subject incident. In addition, to the extent Plaintiff must undergo further medical treatment for the severe injuries caused by the Defendants, Plaintiff will incur future medical expenses.

33.

**WHEREFORE,** having filed this Complaint, and pursuant to the information currently available, while reserving her right to amend this Complaint after further information is obtained, Plaintiff hereby respectfully prays as follows:

(a) That process issue as to Defendants;

(b) That Plaintiff be awarded fair and just compensation for injuries caused by Defendants for past and future physical and emotional pain and suffering, past and future medical expenses, emotional trauma and distress, impairment, permanent disability and diminished quality of life, in an amount to be determined by an enlightened conscience of an impartial jury;

(c) A trial by jury;

(d) That Plaintiff be awarded all costs and expenses in having to bring this lawsuit against Defendants;

(e) That Plaintiff be awarded interest as provided by Georgia law; and,

(f) All other relief that this Honorable Court may deem just and proper.

This  14th  day of June, 2021.

                                      Hill Duvernay and Associates, LLC.,

                                      /s/Candace Alynn Hill Duvernay
                                      CANDACE ALYNN HILL DUVERNAY
                                      Georgia Bar No. 849535
                                      Attorney for Plaintiff

110 Habersham Drive
Fayetteville, Georgia 30214
candace@hillduvernay.com
770-692-8481 (office)
770-679-8697 (fax)

# General Civil and Domestic Relations Case Filing Information Form

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

☐ Superior or ☑ State Court of Henry County **STSV2021000972**
VAL

JUN 14, 2021 10:46 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**For Clerk Use Only**

Date Filed 06-14-2021   Case Number STSV2021000972
MM-DD-YYYY

## Plaintiff(s)
Goins, Dana
| Last | First | Middle I. | Suffix | Prefix |

## Defendant(s)
QuikTrip Corporation
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney: Duvernay, Candace   Bar Number: 849535   Self-Represented ☐

**Check one case type and, if applicable, one sub-type in one box.**

### General Civil Cases
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

### Domestic Relations Cases
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number   _____ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000972**
VAL
JUL 15, 2021 09:58 AM

Lynne M. Policaro
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY

STATE OF GEORGIA

| | |
|---|---|
| DANA MEAD-GOINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. STSV2021000972 |
| QUIKTRIP CORPORATION, JOHN ) | |
| DOE CORPORATION, and JOHN DOE ) | |
| INDIVIDUAL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENSES AND ANSWER

COMES NOW, Defendant QUIKTRIP CORPORATION, appearing specially and without submitting to the jurisdiction and venue of this Court, and files this its Defenses and Answer to Plaintiff's Complaint for Damages, and shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Jurisdiction is improper as to this Defendant.

### THIRD DEFENSE

Venue is improper as to this Defendant.

### FOURTH DEFENSE

### ANSWER

Defendant responds to the allegations of Plaintiff's Complaint as follows:

1.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the averments contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the averments contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant denies the averments contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the averments contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the averments contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the averments contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the averments contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant incorporates by reference its responses to paragraphs 1-10 of Plaintiff's Complaint as if fully set forth herein below.

12.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the averments contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the averments contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the averments contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the averments contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the averments contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the averments contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the averments contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the averments contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the averments contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the averments contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the averments contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the averments contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the averments contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the averments contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the averments contained in paragraph 27 of Plaintiff's Complaint.

28.

Defendant incorporates by reference its responses to paragraphs 1-27 of Plaintiff's Complaint as if fully set forth herein below.

29.

Defendant denies the averments contained in paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the averments contained in paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the averments contained in paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the averments contained in paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the averments contained in paragraph 33 of Plaintiff's Complaint.

### FIFTH DEFENSE

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiff's Complaint. Any allegations or averments contained in Plaintiff's Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant QUIKTRIP CORPORATION, having fully answered, demands that he be discharged with all costs cast upon the Plaintiff.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
SEAN L. HYNES
Georgia State Bar No. 381698
hynes@downeycleveland.com
Attorneys for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Candace Alynn Hill Duvernay, Esq.
Hill Duvernay and Associates, LLC.
110 Habersham Drive
Fayetteville, Georgia 30214

This 15th day of July, 2021.

**DOWNEY & CLEVELAND, LLP**

By:  /s/ Sean L. Hynes
SEAN L. HYNES
Georgia State Bar No. 381698

4818-3705-7299, v. 2